Colin Mulholland, Esq.
30-97 Steinway, Ste. 301-A
Astoria, New York 11103
Telephone: (347) 687-2019
*Attorney for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ALMA MANCILLA and LIZ MARIA GARCIA FLORES, | **Civil Action No.: 20-cv-10255** |
| *Plaintiffs*, | **COMPLAINT** |
| -against- | **JURY TRIAL DEMANDED** |
| ALL AMERICAN LAUNDRY SERVICE, INC., and MICHAEL J. MARTIN | |
| *Defendants*. | |

------------------------------------------------------X

ALMA MANCILLA and LIZ MARIA GARCIA FLORES ("Plaintiffs") by and through their attorney, Colin Mulholland, Esq. and as against MICHAEL J. MARTIN and ALL AMERICAN LAUNDRY SERVICE, INC. (collectively, "Defendants"), allege as follows:

**NATURE OF THE ACTION**

1. Plaintiffs are former employees of ALL AMERICAN LAUNDRY SERVICE, INC. at 3182 Westchester Ave Bronx, NY 10461 that was owned and operated by Defendants MICHAEL J. MARTIN and ALL AMERICAN LAUNDRY SERVICE, INC.

2. Defendants own, operate, and/or control the laundromat located at 3182 Westchester Ave Bronx, NY 10461.

3. Plaintiffs were employed as folders, packers, clerks and general laborers.

4. At all times relevant to this Complaint, Plaintiffs worked for Defendants in excess of 40 hours per week without appropriate overtime compensation for the hours they worked each week over 40 hours.

1

5. Further, Defendants failed to provide Plaintiffs with the proper wage notices and statements under the New York Labor Laws.

6. Plaintiffs now bring this action for unpaid overtime wages and minimum wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Lab. Law §§ 190 *et seq*. and 650 *et seq.* ("NYLL"), including applicable liquidated damages, interest, attorneys' fees, and costs along with claims arising under the New York City Human Rights Law.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiffs' state law claims is conferred by 28 U.S.C. § 1367(a).

8. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their business in this district, and Plaintiffs were employed by Defendants in this district.

## THE PARTIES

9. Plaintiff ALMA MANCILLA ("Plaintiff MANCILLA") is an adult individual residing in Bronx County, New York.

10. Plaintiff LIZ GARCIA ("Plaintiff GARCIA") is an adult individual residing in Bronx County, New York.

11. ALL AMERICAN LAUNDRY SERVICE, INC. is a domestic corporation organized and existing under the laws of the state of New York. It maintains its principal place of business at 3182 Westchester Ave Bronx, NY 10461.

12. Defendant MICHAEL J. MARTIN is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant MICHAEL J. MARTIN is sued individually in his capacity as an owner, officer and/or agent of Defendant ALL AMERICAN LAUNDRY SERVICE, INC. ('Defendant Corporation').

13. Defendant MICHAEL J. MARTIN possesses or possessed operational control over Defendant Corporations, possesses or possessed an ownership interest in Defendant Corporation, and controls or controlled significant functions of Defendant Corporation.

14. Defendant MICHAEL J. MARTIN determined the wages and compensation of the employees of Defendants, including Plaintiffs.

15. Defendant MICHAEL J. MARTIN hired Plaintiffs.

16. Defendant MICHAEL J. MARTIN established the schedule of the Plaintiffs and other employees.

17. Defendant MICHAEL J. MARTIN maintained employee records.

18. Defendant MICHAEL J. MARTIN had the authority to hire and fire Plaintiffs

19. Defendant MICHAEL J. MARTIN disciplined Plaintiffs

20. Defendant MICHAEL J. MARTIN assigned Plaintiffs work tasks

21. Defendant MICHAEL J. MARTIN issued Plaintiffs' pay

22. Defendant MICHAEL J. MARTIN fielded Plaintiffs' complaints about work and pay.

23. Defendant MICHAEL J. MARTIN discharged Plaintiffs.

24. Defendants are associated and joint employers, act in the interest of each other with respect to the laundromat and dry cleaners located at 3182 Westchester Ave Bronx, NY 10461.

25. Defendants share common operations, common promotional materials and acted jointly in the operation of the laundromat and dry cleaners located at 3182 Westchester Ave Bronx, NY 10461.

26. Each Defendant possessed substantial control over Plaintiffs' working conditions, and held power of over the supervision and implementation of the pay policies and practices with respect to the employment and compensation of Plaintiffs.

27. Defendants jointly employed Plaintiffs within the meaning of 29 U.S.C. § 201 e*t seq*. and the NYLL.

28. In the alternative, Defendants constitute a single employer of Plaintiffs.

29. At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and New York Labor Law.

30. Defendants are each experienced business owners in New York City and have knowledge, and/or should have knowledge, of the labor laws.

31. Upon information and belief, in each year from 2013 to 2019, Defendants, both separately and jointly, had a gross annual volume of revenue of not less than $500,000.

32. Defendants and/or their enterprise were directly and indirectly engaged in interstate commerce. For example, Plaintiffs and Defendants' employees handled and purchased for the business cleaning items, cleaning chemicals, laundry machines and other tools that originated out of state.

33. Plaintiffs were individually engaged in commerce by virtue of their role interacting with interstate businesses.

34. Defendants regularly employed more than 11 people throughout each year during the relevant time period.

*Plaintiff ALMA MANCILLA*

35. Throughout her employment with defendants, Plaintiffs MANCILLA was employed as a folder, packer, clerk and general laborer at the laundromat located at 3182 Westchester Ave Bronx, NY 10461.

36. Plaintiff MANCILLA regularly handled goods in interstate commerce, such as cleaning supplies, foods and other supplies produced and originating from outside the state of New York.

37. Plaintiff MANCILLA'S work was supervised and her duties required neither discretion nor independent judgment.

38. Plaintiff MANCILLA regularly worked in excess of 40 hours per week.

39. Plaintiff MANCILLA was employed by the Defendants from 2013 until the end of October 2019.

40. From the beginning until the end of the last two months of her employ, Plaintiff MANCILLA typically worked between six (6) days a week at the following typical and approximate schedule:

   a. Monday –Between 7 A.M. and 8:00 A.M. until between 4:00 P.M and 6:00 P.M.
   b. Tuesday – Between 7 A.M. and 8:00 A.M until between 4:00 P.M and 6:00 P.M
   c. Wednesday – Between 7 A.M. and 8:00 A.M until between 4:00 P.M and 6:00 P.M
   d. Thursday – Between 7 A.M. and 8:00 A.M until between 4:00 P.M and 6:00 P.M
   e. Friday – Between 7 A.M. and 8:00 A.M until between 4:00 P.M and 6:00 P.M
   f. Saturday – Between 7 A.M. and 8:00 A.M until between 4:00 P.M and 6:00 P.M
   g. Sunday – Typical Day Off

The above represents a fair approximation of Plaintiff MANCILLA's schedule and there were instances when Plaintiff worked more or less than that typical schedule depending on the needs to Defendants' business.

41. In the last two months of her employ, Plaintiff MANCILLA typically worked the above shifts but at 4-5 days of the week.

42. In 2013, Plaintiff MANCILLA was paid a straight hourly rate of $10.50 per hour with no premium for her hours worked over 40 in a week.

43. In 2014-2015, Plaintiff MANCILLA was paid a straight hourly rate of $11.50 per hour with no premium for her hours worked over 40 in a week.

44. In 2016, Plaintiff MANCILLA was paid a straight hourly rate of $13.00 per hour with no premium for her hours worked over 40 in a week.

45. In 2017, Plaintiff MANCILLA was paid a straight hourly rate of $14.00 per hour with no premium for her hours worked over 40 in a week.

46. In 2018, Plaintiff MANCILLA was paid a straight hourly rate of $14.00 per hour with no premium for her hours worked over 40 in a week.

47. In 2019, Plaintiff MANCILLA was paid a straight hourly rate of $15.00 per hour with no premium for her hours worked over 40 in a week.

48. Such failure to pay overtime premiums and minimum wages was willful and malicious

49. Defendants permitted Plaintiff MANCILLA infrequent breaks for lunch that were typically less than 20 minutes before being forced to return to work tasks.

50. Defendants routinely deducted breaks that were not taken by Plaintiff.

51. Defendants paid Plaintiff MANCILLA based on a rough approximation of her hours rather than a precise measurement of the time she worked thus shaving hours off from her compensable time.

52. No proper notification was given to Plaintiff MANCILLA regarding overtime and wages under the FLSA and NYLL for each year she worked or change in rate of pay.

53. Defendants never provided Plaintiff MANCILLA with each payment of wages a proper statement of wages, as required by NYLL 195(3).

54. Defendants failed to provided Plaintiff MANCILLA all of the proper and complete notices in English and in Spanish (Plaintiff MANCILLA' primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1) for each year she worked or each change in rate of pay.

*Plaintiff LIZ GARCIA*

55. Throughout her employment with defendants, Plaintiff GARCIA was employed as a folder, packer, clerk and general laborer at the laundromat/dry cleaners located at 3182 Westchester Ave Bronx, NY 10461.

56. Plaintiff GARCIA regularly handled goods in interstate commerce, such as cleaning supplies, chemicals, laundry machines and other supplies produced and originating from outside the state of New York.

57. Plaintiff GARCIA'S work was supervised and her duties required neither discretion nor independent judgment.

58. Plaintiff GARCIA regularly worked in excess of 40 hours per week.

59. Plaintiff GARCIA was employed by the Defendants from February 2018 until the end of October 2019.

60. From the beginning until the end of her employ, Plaintiff GARCIA typically worked between five (5) – six (6) days a week at the following typical and approximate schedule:

    a. Monday –Between 7 A.M. and 8:00 A.M. until between 4:00 P.M and 6:00 P.M.

    b. Tuesday – Between 7 A.M. and 8:00 A.M until between 4:00 P.M and 6:00 P.M

    c. Wednesday – Between 7 A.M. and 8:00 A.M until between 4:00 P.M and 6:00 P.M

    d. Thursday – Between 7 A.M. and 8:00 A.M until between 4:00 P.M and 6:00 P.M

    e. Friday – Between 7 A.M. and 8:00 A.M until between 4:00 P.M and 6:00 P.M

    f. Saturday – Between 7 A.M. and 8:00 A.M until between 4:00 P.M and 6:00 P.M

    g. Sunday – Typical Day Off

The above represents a fair approximation of Plaintiff GARCIA's schedule and there were instances when Plaintiff worked more or less than that typical schedule depending on the needs to Defendants' business.

61. From February 2018 until the end of April 2018, Plaintiff GARCIA was paid a straight hourly rate of $12.00 per hour with no premium for her hours worked over 40 in a week.

62. In May 2018 until the end of February 2019, Plaintiff GARCIA was paid a straight hourly rate of $13.00 per hour with no premium for her hours worked over 40 in a week.

63. In March 2019 until the end of October 2019, Plaintiff GARCIA was paid a straight hourly rate of $15.00 per hour with no premium for her hours worked over 40 in a week.

64. Defendants paid Plaintiff GARCIA an hourly rate with no premium for overtime hours.

65. Such failure to pay overtime premiums and minimum wages was willful throughout her employ with the Defendants.

66. Defendants paid Plaintiff GARCIA based on a rough approximation of her hours instead of the precise amount of time that she worked thus shaving hours off from her compensable time.

67. No proper notification was given to Plaintiff GARCIA regarding overtime and wages under the FLSA and NYLL for each year she worked or change in rate of pay.

68. Defendants never provided Plaintiff GARCIA with each payment of wages a proper statement of wages, as required by NYLL 195(3).

69. Defendants failed to provided Plaintiff GARCIA all of the proper and complete notices in English and in Spanish (Plaintiff GARCIA'S primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1) for each year she worked or each change in rate of pay.

## DISCRIMINATORY CONDUCT

70. Defendant MARTIN routinely treated Plaintiffs differently and less well on the basis of their gender, ethnic background, potential immigration status and race.

71. Both Plaintiffs are Hispanic.

72. Defendant MARTIN routinely made disparaging comments about Hispanic people.

73. Defendant MARTIN admonished and scolded Plaintiffs for speaking Spanish at work or in front of customers because it was 'rude' and off-putting to customers. He stated that it was disrespectful to speak Spanish.

74. Defendant MARTIN referred to Hispanic people and Plaintiffs as 'you and your people.'

75. Defendant MARTIN made disparaging comments about immigrants to Plaintiffs that suggested Hispanic immigrants were ungrateful for the work and benefits they receive in the

United States.

76. Defendant MARTIN declined to sign an employment confirmation letter for Plaintiff MANCILLA because of her perceived immigration status.

77. Defendant MARTIN made disparaging remarks routinely about Mexican people and Hispanic people being 'short'.

78. Defendant MARTIN made other disparaging and insulting comments about Hispanic people.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

79. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

80. Defendants, in violation of the FLSA, failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

81. Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

82. Plaintiffs were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

83. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

84. At all times relevant to this action, Defendants were Plaintiff's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of their employment and had the power to determine the rate and method of any compensation in exchange for their employment.

85. At all times relevant to this action, Defendants were engaged in interstate commerce or in an industry or activity affecting interstate commerce.

86. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

87. Plaintiffs were individually engaged in interstate commerce.

88. Defendants failed to pay Plaintiffs at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

89. Defendants' failure to pay Plaintiffs at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

90. Plaintiffs were damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK LABOR LAW

91. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

92. Defendants, in violation of the NYLL § 190 *et seq.* and associated rules and regulations, failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

93. Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

94. Plaintiffs were damaged in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION

### NEW YORK STATE LAW MINIMUM WAGE CLAIM

95. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

96. At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiffs, controlled terms and conditions of employment, and determined the rates and methods of any compensation in exchange for employment.

97. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiffs less than the minimum wage.

98. Defendants' failure to pay Plaintiffs the minimum wage was willful and not in good faith within the meaning of N.Y. Lab. Law § 663.

99. Plaintiffs were damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

100. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

101. Defendants failed to pay Plaintiffs one additional hour's pay at the basic minimum wage rate or prevailing regular rate of pay before allowances for each day Plaintiffs' spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq.* and 650 *et seq.* and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6.

102. Defendants' failure to pay Plaintiffs an additional hour's pay for each day Plaintiffs' spread of hours exceeded ten hours was willful not in good faith within the meaning of New York Lab. Law § 663.

103. Plaintiffs were damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION
### VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW

104. Plaintiffs repeats and realleges all paragraphs above as though fully set forth herein.

105. Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

106. Defendants are liable to Plaintiffs in the amount of $5,000 each, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION
## VIOLATION OF THE WAGE STATEMENT PROVISIONS
## OF THE NEW YORK LABOR LAW

107. Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

108. With each payment of wages, Defendants failed to provide Plaintiffs with a statement listing each the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

109. Defendants are liable to Plaintiffs in the amount of $5,000 each, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION

**VIOLATION OF NYC HUMAN RIGHTS LAW– DISCRIMINATORY TREATMENT**

110. Plaintiffs repeat and reallege each and every allegation set forth above with the same force and effect as if set forth fully herein.

111. Plaintiffs have or will have served a copy of the complaint on both the Office of Corporate Counsel of the City of New York and the New York City Commission on Human Rights.

112. By the actions described above, among others, Defendant discriminated against the Hispanic Plaintiffs on the basis of their ethnic origin and perceived immigration status in violation of the NYCHRL by denying them equal terms and conditions of employment, subjecting them to disparate working conditions and harassing them.

113. Defendants actions against the Plaintiffs constituted discriminatory treatment, harassment in violation of NYCHRL.

114. Plaintiffs suffered embarrassment, humiliation and emotion distress, *inter alia*, as a result of their treatment.

115. Defendants conduct constitutes malicious, willful and wanton violations of the NYCHRL for which Plaintiffs are entitled to punitive damages, damages for emotional distress, inter alia.

116. Plaintiffs were damaged in an amount to be determined at trial.

## TENTH CAUSE OF ACTION

**NEW YORK STATE HUMAN RIGHTS LAW AND EXECUTIVE LAW – DISCRIMINATION**

117. Plaintiffs repeat and reallege each and every allegation set forth above with the

same force and effect as if set forth fully herein.

118. By the actions described above, among others, Defendant discriminated against the Hispanic Plaintiffs on the basis of their ethnic background and perceived immigration status in violation of the NYSHRL by denying them equal terms and conditions of employment, subjecting them to disparate working conditions and harassing them.

119. Such conduct was severe and pervasive.

120. Defendants actions against the Plaintiffs constituted discriminatory treatment, harassment and retaliation in violation of NYSHRL.

121. Defendants conduct constitutes malicious, willful and wanton violations of the NYSHRL.

122. Plaintiffs were damaged in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully requests that this Court enter judgment against Defendants:

(a) Declaring that Defendants violated the overtime and minimum wage provisions of, and associated rules and regulations, the FLSA as to Plaintiffs;

(b) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' compensation, hours, wages, and any deductions or credits taken against wages;

(c) Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiffs;

(d) Awarding Plaintiffs damages for the amount of unpaid overtime and minimum wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(e) Awarding Plaintiffs liquidated damages in an amount equal to 100% of their damages for the amount of unpaid overtime wages and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(f) Declaring that Defendants violated the overtime and minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(g) Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiffs;

(h) Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiffs' compensation, hours, wages; and any deductions or credits taken against wages;

(i) Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiffs;

(j) Enjoining Defendants from future violations of the NYLL;

(k) Awarding Plaintiffs damages for the amount of unpaid overtime and minimum wages, damages for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

(l) Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(m) Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of spread of hours pay, minimum wages and overtime compensation shown to be owed pursuant to NYLL § 663 and Article 6 as applicable;

(n) Awarding Plaintiffs font pay, back pay, liquidated damages, damages for emotional distress, punitive damages and attorneys' fees and costs under both or either the NYSHRL and the

NYCHRL for Defendants' discriminatory conduct;

(o) Awarding Plaintiffs pre-judgment and post-judgment interest as applicable;

(p) Awarding Plaintiffs the expenses incurred in this action, including costs and attorneys' fees;

(q) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(r) All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated: Astoria New York
December 4th, 2020

By: */s/ Colin Mulholland*
Colin Mulholland, Esq.
30-97 Steinway, Ste. 301-A
Astoria, New York 11103
Telephone: (347) 687-2019
*Attorney for Plaintiffs*